UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE EARL BYAS, #238359,

        Petitioner,

v.                                    CASE NO. 2:14-CV-12013
                                          HONORABLE NANCY G. EDMUNDS

KENNETH ROMANOWSKI,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Tommie Earl Byas ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is being held in violation of his constitutional rights. Petitioner pleaded no lo contendere to third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d(1)(b), extortion, MICH. COMP. LAWS § 750.213, gross indecency, MICH. COMP. LAWS § 750.338b, and domestic violence, MICH. COMP. LAWS § 750.812, in the Saginaw County Circuit Court. He was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to concurrent terms of 9 to 15 years imprisonment on the criminal sexual conduct and extortion convictions, 3 years 10 months to 15 years imprisonment on the gross indecency conviction, and 93 days in jail on the domestic violence conviction in 2012. In his petition, he raises claims concerning the voluntariness of his plea and the effectiveness of defense counsel.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary

review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner's habeas claims lack merit, such that the petition must be denied. The Court also concludes that a certificate of appealability and leave to proceed *in forma pauperis* on appeal must be denied.

## II. Procedural History

Petitioner was initially charged with first-degree criminal sexual conduct, extortion, gross indecency, and domestic violence, as well as with being a fourth habitual offender. Pursuant to a plea bargain with the prosecution, he agreed to plead no lo contendere to the lesser offense of third-degree criminal sexual conduct, as well as the other charges, in exchange for the dismissal of the first-degree criminal conduct charge and a minimum sentence of 9 years in prison. Petitioner entered his plea on February 14, 2012. The trial court sentenced him in accordance with that agreement on March 21, 2012.[1] The court also notified Petitioner that he would be required to register as a sex offender under the

---

[1] The gross indecency sentence was amended (lowered) on October 15, 2012.

Michigan Sex Offenders Registration Act ("SORA"), MICH. COMP. LAWS § 28.721 et seq.

Following his convictions and sentencing, Petitioner moved to withdraw his plea or for an evidentiary hearing on the validity of his plea and the effectiveness of defense counsel. The trial court conducted an evidentiary hearing. According to Petitioner, defense counsel testified that, although he could state nothing specific, it was his practice to inform his clients about the sex offender registration requirement and he was confident that he did so in Petitioner's case. Petitioner testified that defense counsel did not inform him of the sex offender registration requirement and he first learned about it after his plea was accepted when he was being interviewed for the pre-sentence investigation report. The trial court found that defense counsel advised Petitioner of the sex offender registration requirement and that Petitioner understood that such registration was a consequence of his plea. The trial court denied Petitioner's motion to withdraw his plea.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claims presented on habeas review. The court denied leave to appeal for lack of merit in the grounds presented. *People v. Byas*, No. 315095 (Mich. Ct. App. Oct. 14, 2013). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Byas*, 495 Mich. 994, 845 N.W.2d 494 (2014).

Petitioner thereafter filed his federal habeas petition. He raises the following claims:

I. His federal right to due process was violated when he pleaded no contest to CSC 3rd and gross indecency, both offenses require registration as a sex offender. During the plea taking, there was no mention that he would have to register. Also, the sentencing agreement specified only that he would receive a nine-year minimum sentence and the record is silent as to registering as a sex offender. His no contest plea was not voluntary and understanding because he

3

was not informed that a consequence of his plea would be registering as a sex offender, thus resulting in a violation of his federal right to due process. Furthermore, the trial court abused its discretion and violated his right to due process when it did not allow him to withdraw his no contest plea when it added a consequence to sentencing that was not part of the sentencing agreement.

II      His federal right to the effective assistance of counsel was violated when his trial counsel failed to inform him that if he pleaded no contest to the charges he would have to register as a sex offender.

The Court has not required Respondent to file an answer to the petition.

### III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, governs this case because Petitioner filed his petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides the following standard of review:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*,

540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those

arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359

(E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

In this case, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," and the Michigan Supreme Court denied leave to appeal in a standard order. For the reasons that follow, this Court concludes that the state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[2]

## IV. Analysis

### A. Voluntariness of Plea

Petitioner first asserts that he is entitled to habeas relief because his no lo contendere plea was not knowing and voluntary. Specifically, he alleges that he was not notified at the time of his plea that he would be required to register as a sex offender as a consequence of his plea. He also asserts that the trial court erred in refusing to allow him to withdraw his plea where the court imposed a sex offender registration requirement at sentencing which was not included in his plea agreement.

When a habeas petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *United States v.*

---

[2]The Court would reach the same result under a *de novo* standard of review.

*Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

Petitioner asserts that his plea was involuntary because he was not properly notified that he would be required to register as a sex offender. A criminal defendant, however, "need only be aware of the direct consequences of the plea" and a trial court "is under no constitutional obligation to inform the defendant of all the possible collateral consequences of the plea." *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). The United States Court of Appeals for the Sixth Circuit has ruled that "[m]atters that are beyond the control or responsibility of the district court are collateral consequences of a conviction or plea." *United States v. Cottle*, 355 F. App'x 18, 20 (6th Cir. 2009) (quoting *El–Nobani v. United States*, 287 F.3d 417, 421 (6th Cir. 2002)). The Sixth Circuit has also characterized sex offender registration requirements as collateral consequences in other contexts. *See Leslie v. Randle*, 296 F.3d 518, 522 (6th Cir. 2002) (recognizing registration and notification requirements of a state's sexual predator statute as collateral consequences of conviction). The requirement that Petitioner register as a sex offender is only a collateral consequence of his plea. Consequently, the trial court was not required to

inform him of that requirement in order for the plea to be valid. *See Davis v. Caruso*, No. 2:10-CV-14917, 2012 WL 5379482, *4-5 (E.D. Mich. Oct. 31, 2012) (denying habeas relief on similar claim); *Blumenthal v. Curley*, No. 2:08-CV-14858, 2011 WL 6090183, *6 (E.D. Mich. Dec. 7, 2011) (same).

Furthermore, at a minimum, the Supreme Court has never held that sex offender registration is a direct consequence of a plea about which a defendant must be informed, and thus the trial court's acceptance of Petitioner's plea without informing him of the registration requirement was neither contrary to nor an unreasonable application of clearly established law sufficient to warrant habeas relief under § 2254(d). *See, e.g., Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008). The trial court informed Petitioner of the sex offender registration requirement at the time of sentencing and he was sentenced in accordance with his plea agreement. Petitioner has failed to establish a violation of his constitutional rights. Habeas relief is not warranted on this claim.

Petitioner relatedly asserts that he is entitled to habeas relief because the state trial court erred in refusing to allow him to withdraw his plea due to his dissatisfaction with the sex offender registration requirement. Petitioner, however, is not entitled to habeas relief on any such claim. Such a claim is not cognizable on habeas review because it is a state law claim. A criminal defendant has no federal constitutional right, or absolute right under state law, to withdraw a knowing, intelligent, and voluntary plea. *Chene v. Abramajtys*, 76 F.3d 378 , 1996 WL 34902, *2 (6th Cir. 1996) (table). Consequently, "the decision to permit a defendant to withdraw a plea invokes the trial court's discretion. A trial court's abuse of discretion generally is not a basis for habeas corpus relief." *Adams v. Burt*, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted); *see also Hoffman v.*

9

*Jones*, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001). Federal habeas courts have no authority to correct perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993).

Moreover, Petitioner is not entitled to relief on any claim challenging the trial court's imposition of the registration requirement at sentencing. *See Davis*, 2012 WL 5379482 at *5-6 (denying relief on similar claim). As explained in *Davis*, while SORA requires persons convicted of certain offenses to register as sex offenders, "the Legislature has made clear that the intended purpose of SORA is to protect public safety and monitor those persons who pose a potential danger to children." *People v. Fonville*, 291 Mich. App. 363, 804 N.W.2d 878, 888 (2011). The requirement that a defendant comply with the statutory mandate to register as a sex offender following conviction of a listed offense is not punishment. It is merely a "remedial regulatory scheme furthering a legitimate state interest of protecting the public." *People v. Golba*, 273 Mich. App. 603, 729 N.W.2d 916, 927 (2007) (discussing cases); *see also Lanni v. Engler*, 994 F. Supp. 849 (E.D. Mich. 1998) (finding that SORA is regulatory, not punitive, in nature and rejecting constitutional challenges to the statute). Consequently, any challenge to sex offender registration does not implicate a defendant's underlying conviction, sentence, or liberty interest which would justify federal habeas relief. *See Leslie*, 296 F.3d at 521-23 (affirming denial of habeas relief to prisoner who challenged constitutionality of Ohio's sex offender registration law based on finding that he did not meet "in custody" requirement for habeas review because registration was a collateral consequence of conviction, not a restraint on liberty); *Virsnieks*, 521 F.3d at 718 ("given the habeas statute's 'in custody' requirement, courts have rejected uniformly the argument that a challenge to a sentence of registration under

10

a sexual offender statute is cognizable in habeas"); *Henry v. Lungren*, 164 F.3d 1240, 1241–42 (9th Cir. 1999). Petitioner has thus failed to establish a violation of his federal constitutional rights. Habeas relief is not warranted on this claim.

### B.   Effectiveness of Defense Counsel

Petitioner also asserts that he is entitled to habeas relief because defense counsel was ineffective for failing to properly advise him that he would be required to register as a sex offender. Petitioner claims that he was under the belief that when the first-degree criminal sexual conduct charge was reduced to third-degree criminal sexual conduct he would not have to register as a sex offender pursuant to SORA.

The United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, i.e., "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the

inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id.* The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so.'" *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." *Id.* at 788. Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. *See Premo v. Moore*, _ U.S. _, 131 S. Ct. 733, 741 (2011) (stating that "strict adherence to the Strickland standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

Petitioner's ineffective assistance of counsel claim is belied by the record. According to Petitioner, at the state court evidentiary hearing on this matter, the trial court made a factual finding that defense counsel advised Petitioner of the sex offender registration requirement prior to the entry of his plea. The state trial court's factual finding is presumed correct on habeas review, 28 U.S.C. § 2254(e)(1), and Petitioner has not

12

rebutted this presumption with clear and convincing evidence. *See Warren*, 161 F.3d at 360-61. Consequently, Petitioner cannot show that defense counsel erred in advising him about the SORA consequences of his plea. He has thus failed to establish that counsel was ineffective. Habeas relief is not warranted on this claim.

**V.     Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims such that his petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37. Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his claims. No certificate of appealability is warranted. Nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and that leave to proceed *in forma pauperis* on appeal is **DENIED**.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated:  June 10, 2014